16-341-cr
United States v. Philippeaux

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of June, two thousand seventeen.

**PRESENT:**
> **AMALYA L. KEARSE,
> PETER W. HALL,
> DENNY CHIN,**
> > *Circuit Judges*.

---

**United States of America,**

> *Appellee*,

> v.                                             **No. 16-341-cr**

**Philander Philippeaux,**

> *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR APPELLANT:** | ALVIN ENTIN, Entin & Della Fera, P.A., Fort Lauderdale, FL. |
| **FOR APPELLEE:** | KATHERINE REILLY, Assistant United States Attorney (Sidhardha Kamaraju and Micah W.J. Smith, Assistant United States Attorneys, *on the brief*), *for* Joon H. Kim, Acting United States Attorney for the Southern District of New York, New York, NY. |

---

Appeal from a judgment of the United States District Court for the Southern District of New

York (Sweet, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Philander Philippeaux appeals from his conviction by jury of the offenses of conspiracy to distribute and possess with intent to distribute five kilograms and more of cocaine and conspiracy to import five kilograms and more of cocaine into the United States. He also appeals his sentence of 211 months of imprisonment to be followed by five years of supervised release. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

### I. Hearsay Testimony

Philippeaux argues on appeal that certain portions of the testimony of DEA Special Agent Sean Wulff were inadmissible hearsay, and that this testimony was sufficiently prejudicial that he should be given a new trial. He did not object to the testimony below, and he concedes that we now review only for plain error. To demonstrate plain error, Philippeaux must show that: "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Stevenson*, 834 F.3d 80, 83 (2d Cir. 2016) (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010)).

Even if we were persuaded that Special Agent Wulff's statements were inadmissible hearsay,[1] we see no plain error here. The evidence of Philippeaux's guilt arrayed before the jury in this case was overwhelming and included the firsthand testimony of three cooperating

---

[1] The Government argues that the relevant testimony was not offered for the truth of the matters asserted therein, but our disposition of this appeal under plain error review does not require us to reach that argument.

witnesses and two DEA agents in addition to bank records, wire transfer records, video surveillance footage, flight records, and electronic and telephone communications. In light of this overwhelming evidence, we cannot say that the admission of the challenged statements "affected the appellant's substantial rights[.]" *Id.* There was no plain error and thus no grounds for the judgment of conviction to be disturbed.

## II. Role Adjustment

Philippeaux claims that the district court erred in assessing a four-level role adjustment pursuant to U.S.S.G. § 3B1.1(a), which imposes an adjustment when the defendant is "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." He contends that the district court did not make sufficiently specific factual findings that he was "an organizer or leader" or that the criminal activity "involved five or more participants or was otherwise extensive," and also argues that the evidence fails to support such findings.

In fact, the district court adopted the findings of the PSR, which listed six participants, including Philippeaux and five coconspirators, in the criminal enterprise to import cocaine, and specifically found that the Defendant organized and managed the cocaine deals.

At argument, Philippeaux's counsel asserted that the 2012 and 2013 cocaine deals should have been treated as separate conspiracies at sentencing, even though the offense conduct was charged and tried as a single unified conspiracy. Philippeaux has pointed us to no authority suggesting that this would be proper, and we see no reason why the district court should have been required to bifurcate the conspiracy for sentencing purposes. Philippeaux's counsel also argues that the district court's identification of co-conspirators and cooperating witnesses by initials "CC-1," "CC-2," and "CW-1" in its sentencing opinion renders the district court's

3

findings insufficiently specific. The district court, however, adopted the facts set forth in the Presentence Report, which individually identifies the members of the conspiracy.

The district court's findings were not "too general to support a role enhancement" as in *United States v. Carter*, 489 F.3d 528, 539 (2d Cir. 2007), nor did they "merely [] repeat or paraphrase the language of the guideline and say conclusorily that the defendant meets those criteria" as in *United States v. Ware*, 577 F.3d 442, 452 (2d Cir. 2009). They were sufficient to support the role adjustment used in determining Appellant's sentence.

To the extent that Philippeaux argues that the district court's findings were substantively erroneous and maintains that the evidence does not support a finding that he was an organizer or leader, we reject that argument. "We review the district court's findings of fact as relevant to the sentencing decision for clear error." *United States v. Kent*, 821 F.3d 362, 368 (2d Cir. 2016) (citing *United States v. Archer*, 671 F.3d 149, 161 (2d Cir. 2011)). "Under clear error review, we uphold findings of fact that are 'plausible in light of the record viewed in its entirety.'" *United States v. Gonzalez*, 764 F.3d 159, 165 (2d Cir. 2014) (quoting *United States v. Reilly*, 76 F.3d 1271, 1276 (2d Cir. 1996)).

The district court adopted the facts set forth in the Presentence Report, which describes the offense conduct in detail. In particular, it describes Philippeaux's recruitment of the Government's cooperating witness into the conspiracy, his exercise of decision making authority in abandoning the 2012 deal, and his extensive efforts organizing and planning both the 2012 and 2013 transactions. The district court's findings in support of the role adjustment are wholly plausible and thus not clearly erroneous.

## III. Procedural and Substantive Reasonableness of Sentence

Philippeaux also challenges the procedural and substantive reasonableness of his below-

4

guidelines sentence. In particular, he argues that the district court failed to consider the need for the sentence imposed to be no greater than necessary in light of his age, personal background, and lack of criminal history. He also argues that the district court failed to consider the need to avoid unwarranted sentence disparities among similarly situated defendants.

"A sentencing court commits procedural error when it fails to calculate (or incorrectly calculates) the Guidelines range, treats the Guidelines as mandatory, fails to consider the sentencing factors set forth in [18 U.S.C.] § 3553(a), selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence." *United States v. Pattee*, 820 F.3d 496, 512 (2d Cir. 2016) (citing *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc)). "A sentencing court does not have to parse every sentencing factor under § 3553(a), or address each of the defendant's arguments regarding various factors, for a sentence to be procedurally reasonable." *Id.* (citing *United States v. Rigas*, 583 F.3d 108, 119 (2d Cir. 2009)).

The district court's sentencing opinion explicitly states that the sentence was reached through consideration of all of the factors set forth in 18 U.S.C. § 3553(a). At sentencing, the district court even noted Philippeaux's personal background in explaining its downward departure from the guidelines. Given these circumstances, we are satisfied that Philippeaux's sentence was not procedurally unreasonable.

"[O]ur review of a sentence for substantive reasonableness is particularly deferential." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012). "[O]nly those sentences that are so 'shockingly high, shockingly low, or otherwise unsupportable as a matter of law' that allowing them to stand would 'damage the administration of justice'" are substantively unreasonable. *Id.* (quoting *Rigas*, 583 F.3d at 123 (2d Cir. 2009)).

Philippeaux proffers his co-defendants Junior Ventura and Jhon Freddy Potes Joris, who

received sentences of 60 and 50 months, respectively, as comparators for purposes of 18 U.S.C. § 3553(a)(6). He argues that his sentence of 211 months represents an unwarranted sentencing disparity.  As the Government correctly points out, however, Philippeaux was convicted of conduct more serious than that of the proffered comparators; he was the organizer and manager of the cocaine deals, while Ventura and Potes Joris were lower-level operatives. Additionally, both of those defendants accepted responsibility for their crimes, while at trial Philippeaux falsely testified about his conduct. Given these circumstances, it cannot be said that the disparity between the Defendant's sentence and the sentences of his co-defendants was unwarranted. Philippeaux's sentence was not substantively unreasonable.

We have considered all of Philippeaux's remaining arguments and find them without merit. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6